JOURNAL ENTRY AND OPINION.
{¶ 1} Plaintiff-appellant, Argyro Kotsornithis ("plaintiff" or "Ms. Kotsornithis"), appeals the trial court's decision that granted summary judgment in favor of defendant-appellee Allstate Insurance Company ("defendant" or "Allstate"). For the reasons that follow, we reverse and remand for further proceedings.
 {¶ 2} This insurance dispute arises from an automobile accident that occurred on May 3, 1999. On that date, plaintiff rode as a passenger in a vehicle driven by her daughter, third-party defendant Polixeni Safos. It is undisputed that Allstate provided automobile insurance to John Safos, plaintiff's son-in-law. It is generally alleged that Allstate insured Safos for the past 19 years. The record, however, is devoid of the exact date of the original issuance of coverage to Safos.
 {¶ 3} The parties dispute which version of R.C. 3937.18 applies to resolve issues of underinsured motorist coverage in this case; Allstate claiming that the September 3, 1997 version controls and plaintiff maintaining that the pre-September 3, 1997 version applies.[1]
Plaintiff further contends that the two-year guarantee period established by law precludes changes to the policy between June 4, 1997 (the alleged renewal date) and June 4, 1999. The policy submitted by Allstate and construed by the trial court bears effective dates of December 4, 1998 to June 4, 1999. Without addressing these issues, the trial court awarded summary judgment to Allstate pursuant to the terms of the policy Allstate submitted as being the controlling policy. Plaintiff appeals assigning the following errors for our review:
 {¶ 4} "I. The trial court committed prejudicial error when it granted the motion for summary judgment in favor of new party defendant Allstate Insurance Company.
 {¶ 5} "II. The trial court erred as a matter of law when it determined that plaintiff was not an insured under the Allstate liability coverage.
 {¶ 6} "III. There are no other grounds upon which to affirm summary judgment in favor of Allstate."
 {¶ 7} We find the first assignment of error dispositive of this appeal. We employ a de novo review in determining whether summary judgment was warranted. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105,1996-Ohio-336; Zemcik v. La Pine Truck Sales Equipment (1998),124 Ohio App.3d 581, 585.[2]
 {¶ 8} The Ohio Supreme Court finds it "clear that the scope of coverage of an automobile liability insurance policy is defined by the statutory law in effect at the time of contracting" and that the law supports the proposition that "subsequent legislative enactments cannot alter the binding terms of a preexisting agreement entered into by contracting parties under the law as it existed at the time that the contract was formed." Ross v. Farmers Ins. Group of Companies (1998),82 Ohio St.3d 281, 288. In conjunction with that precept, additional precedent provides:
 {¶ 9} "1. Pursuant to R.C. 3937.31(A), every automobile liability insurance policy issued in this state must have, at a minimum, a guaranteed two-year policy period during which the policy cannot be altered except by agreement of the parties and in accordance with R.C.3937.30 to 3937.39.
 {¶ 10} "2. The commencement of each policy period mandated by R.C. 3937.31(A) brings into existence a new contract of automobile insurance, whether the policy is categorized as a new policy of insurance or a renewal of an existing policy.
 {¶ 11} "3. The guarantee period mandated by R.C. 3937.31(A) is not limited solely to the first two years following the initial institution of coverage." Wolfe v. Wolfe (2000), 88 Ohio St.3d 246, paragraphs one, two and three of the syllabus.
 {¶ 12} These principles compel the parties to first establish the two-year guarantee period. This must be done in order to determine the terms of the policy as well as which version of the law applies thereto. The analysis begins with the original issuance date of the automobile liability insurance policy and then counting successive two-year policy periods from that date. Johnston v. Wayne Mutual Ins. Co., Fourth Appellate Dist. App. No. 02CA3, 2002 Ohio 6157, ¶ 31, followingWolfe, supra. The record in this case lacks the original issuance date and therefore precludes us from applying that formula. Without knowing whether the submitted policy terms apply and/or which version of the statute apply, we are unable to give any meaningful review to the propriety of the trial court's judgment in favor of Allstate as alleged in the remaining assignments of error. For this reason, we sustain plaintiff's first assignment of error and reverse and remand for further proceedings consistent with this opinion.
Judgment reversed and remanded.
Ann Dyke, P.J., and Diane Karpinski, J., concur.
[1] The enforceability of the intra-family exclusion depends upon which version of that statute applies.
[2] Summary judgment is appropriate where: "(1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor.Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v.Burt (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274." Zivichv. Mentor Soccer Club, 82 Ohio St.3d 367, 369-70, 1998-Ohio-389.